LOTTINGER, Judge
(dissenting).
I respectfully dissent from the opinion of the majority, La.App., 331 So.2d 550.
The question before the Court is whether under the facts presented the plaintiff real estate broker was the procuring cause of the sale in question.
Briefly, during the existence of the primary term of the listing agreement, the house and lot in question were advertised in a newspaper, and the buyers because of this advertisement attended an open house on November 4, 1973, at which time an offer to buy was made. This offer was extremely low and never transmitted to the sellers. Again, on November 11, 1973, the buyers attended a second open house and made a second offer which was transmitted to the sellers and rejected. The original listing agreement expired on November 15, 1973. The buyers contacted Tony Bourgeois, a realtor, on November 25, 1973, after seeing a Guaranty Agency, Inc. sign in the front yard of the subject house. It is obvious from the testimony of the buyers that they never really lost interest in the house since they first visited it. Bourgeois, acting for the buyers, contacted this new agency on December 3, 1973. On December 14, 1973, an offer was made and accepted on December 17, 1973. One month and ten days after the buyers first saw the house, they ultimately made an offer that was accepted.
The majority cites Sleet v. Williams, 291 So.2d 495 (La.App.3rd Cir., 1974) as defining “procuring cause’’ to mean the same thing as “efficient cause” or “proximate cause”, and to mean a “cause originating or setting in motion a series of events which, without break in their continuity, result in the accomplishment of the prime object of the employment of the broker, * * *.” However, a look at the facts in Sleet v. Williams, supra, will point out that the efforts of the real estate agent ended in May of 1971, and a sale was brought about in November, 1971, by the efforts of someone else. Some five months intervened between the breaking off of negotiations and the ultimate sale.
In the instant case, however, it was only from November 15, 1973, the date the original listing agreement expired, to December 3, 1973, the date Bourgeois contacted the new real estate agency for the buyers, that one could conclude no negotiations were taking place. I do not agree that there was a break in the continuity of the initial efforts by the plaintiff agency in the instant proceeding so as to declare that the plaintiff’s efforts were not the procuring cause of this sale.